**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AGUEDA R. ROBBIE and DIANE LARSEN, Trustees of THE AGUEDA R. ROBBIE MARITAL TRUST U/A/D/ 03/18/2003,<br><br>         Plaintiff,<br><br>vs.<br><br>BLANCO RIVER LLC, an Arizona limited liability company, CHRISTOPHER GREEN,<br><br>         Defendants. | 3:08-cv-00220-HDM-RAM<br><br><br>ORDER |

Defendant Green has filed a motion to recover attorney's fees and other costs (#151). Plaintiff has opposed (#152).

This court denies Green's motion for fees and costs for the following reasons:

1. Green represented himself in this action from November 23, 2010 through the trial. Pro se civil litigants are not entitled to

1

attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991); *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir.2007). Even though Green was represented by counsel early in the litigation, his motion does not distinguish between fees he allegedly paid to attorneys on behalf of Blanco River and those he allegedly paid on his own behalf.  Nor has he sufficiently established that the invoices for attorney's fees and costs attached as exhibits 1-4 to his motion have actually been paid. (#151)  As the moving party, Green bears the burden of demonstrating the accuracy and reasonableness of the fees. *See e.g.* LR 54-16(d).

    2. The motion is untimely.  This court entered its order and judgment in this case on July 22, 2011. (# 149, 150)  This court's order mandated that motions for fees and costs be filed pursuant to LR 54-16. (#149).  LR 54-16(a) allows fourteen (14) days after entry of the final judgment or other order disposing of an action in which to file such a motion.  Green's motion (#151) was not filed until August 9, 2011, four days after the motion was due.

    3. Green's motion does not meet the itemization requirements set forth in detail under LR 54-16(b).  The affidavits and invoices attached to Green's motion fail to provide the necessary information required by the local rules. (#151, Exs. 1-4) Failure to provide the information required by LR 54-16 in a motion for attorney's fees constitutes consent to the denial of the motion. LR 54-16(d).

    4. Finally, as reflected in this court's order and judgment, Green's conduct caused a great deal of the conflict that gave rise to the litigation before the court.  Green was not a prevailing

2

party in this action to the extent that an award of attorney's fees would be justified.

Accordingly, defendant Green's motion to recovery attorney's fees and costs (#151) is DENIED.

**IT IS SO ORDERED.**

DATED: This 28th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

3